## Frances M. Shuey's Estate.   Appeal of John W. Shuey, Guardian of Frances M. Shuey (now Sones), a Minor.

*Guardian and ward—Allowance for maintenance of ward—Surcharge.*

Where the guardian has placed himself in loco parentis to his ward, he is not entitled to a credit in his final account for her maintenance.

The ward was the niece of the guardian and lived with him as one of his family, worked therein, and was boarded, clothed and schooled as one of his own children.   The guardian frequently declared to the ward and others that he regarded her as one of his children.   He never applied for an allowance for her support, nor did it appear that he made any charge in his books for her maintenance.

Argued Feb. 20, 1896.   Appeal, No. 8, February T., 1896, from decree of O. C. Centre Co., No. 4180, overruling the exceptions and confirming report of auditor absolutely.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Exceptions to auditor's report surcharging guardian with the credit claimed by him of $780 for the support and maintenance of his ward.

The accountant, John W. Shuey, the paternal uncle of the minor, had been appointed guardian in 1884, as successor to a prior guardian, his account had been filed in 1893 and his successor as guardian appointed.   In April, 1894, a petition of Frances M. Shuey for review of the account of said John W. Shuey was filed and rule granted.   The sole question in dispute under the account upon this petition of review was a credit of $780 for the support and maintenance of the minor.   The matter was referred to Harry Keller as auditor.   The findings of fact showed that the guardian had treated the ward as a child.   The 5th finding of fact in particular being as follows:

5th. That said petitioner resided in the family of said John W. Shuey, the respondent, for a period of about thirteen years, during all of which time, both while John Meyer was her guardian, and during the period of his own guardianship, said John W. Shuey boarded and clothed her, sent her to school, provided her with books, employed a physician for her when she was sick and treated her as one of his own children. He never presented any claim for boarding or clothing said Frances M. Shuey to John Meyer, and in fact presented no account of any description to said Meyer against petitioner, except a small claim for tuition paid for her amounting to $2.50, which was repaid him August 11, 1880, and credit for same taken, by said Meyer, in his account.

The auditor's conclusions of law were as follows:

The whole question in controversy to be determined by your auditor in this report, as has been stated, is whether or not John W. Shuey, the petitioner's former guardian, shall be surcharged with seven hundred and eighty dollars ($780) which he charged for fifteen years' boarding, clothing, etc., for said ward, in addition to his regular compensation of $103.95.

With reference to this charge your auditor has already determined, in his fifth finding of fact, that said ward lived with John W. Shuey but thirteen years instead of fifteen years, as charged for, and therefore, even should it be deemed proper to allow said guardian one dollar per week for " boarding and clothing," etc., his ward while she was with him, that amount would be six hundred and seventy-six dollars ($676) instead of seven hundred and eighty dollars, and he should be surcharged with the additional one hundred and four dollars ($104).

But counsel for the petitioner or exceptant takes the position,

First. That said John W. Shuey had placed himself " in loco parentis " with reference to his ward, and could not legally charge her estate with any compensation for her boarding and clothing, and

Second. That even if he could in his account take credit for boarding and clothing his ward, he could not demand her services without allowing her credit for such services as she performed.

The question to be determined in any given case depends, to a great extent, upon the facts surrounding the same.

What are the facts therefore in this case, as found by the auditor? Briefly summarized they are as follows:

Frances M. Shuey (now Sones), the ward and petitioner in this proceeding, was a niece by blood of her guardian, John W. Shuey, he having been the brother of her dead father.

There was no contract whatever entered into between said guardian and any one of his ward's other relatives on her behalf with reference to his receiving any compensation for boarding and clothing said ward. He never presented any claim for such boarding and clothing to her former guardian, John Meyer, who was her guardian until she was about eleven years old, and during the period in which she would require the most care and attention, and in which any services she might render in the family would be of least value.

He never asked any allowance from the court for her boarding and clothing, nor made any application for her admission to the Soldiers' Orphans' School, where she could have been maintained from the time she was         to sixteen years of age, free of expense.

He kept no memoranda of account against his ward for boarding and clothing, neither did he allow her any compensation for such work as she performed, which he admits was equivalent to the cost of her boarding part of the time.

He sent her to school, and, in fact, treated her, as is repeated over and over in the testimony of both sides, as one of his own children.

Under the facts above stated and after a careful consideration of the law applicable thereto, and governing the same, as laid down in Horton's Appeal, 94 Pa. 62; Douglas' Appeal, 82 Pa. 169; Beam's Appeal, 96 Pa. 74, we feel compelled to hold that this guardian, John W. Shuey, had placed himself in loco parentis with reference to his niece and ward, Frances M. Sones (née Shuey), and was not entitled to claim any extra allowance for the support and maintenance of his ward other than the legal compensation of five per cent for his services already charged.

Horton's Appeal, above cited, is particularly applicable, as the facts in that case were almost identical with those in this, about the only difference being that the ward there was a niece by marriage of the guardian, whereas here she was a niece by blood.

408 SHUEY'S ESTATE. SHUEY'S APPEAL.

Auditor's Report—Opinion of the Court. [1 Super. Ct.

We have, therefore, surcharged John W. Shuey, the accountant and guardian, with the sum of seven hundred and eighty dollars ($780), charged by him for boarding and clothing his ward for fifteen years, and have restated his account in accordance with said finding.

The only other point to be determined is as to the costs of the audit. While we have found that the guardian should be surcharged with a considerable sum it must not be forgotten that the question was a close one, the proper decision of which was involved in no little difficulty; the account, too, had been confirmed absolutely, and apparently the matter had been settled satisfactorily, not only to the former guardian, but also to the new guardian, chosen by the ward herself.

Under the circumstances, therefore, we think that the guardian was entitled to have the report of an auditor upon the question, and that the costs of this audit should be borne by the ward's estate.

Opinion of court below.

The court dismissed per curiam exceptions filed to the auditor's report stating inter alia: We have carefully read the testimony taken before the auditor and think it fully sustained his findings of fact. We do not think the auditor erred in his application of the principles of law applicable to this case.

*Errors assigned* were (1–6) striking out credit of $780, and surcharging the guardian therewith, and in overruling exceptions to the report of the auditor in confirming the same.

*Clement Dale, Calvin M. Bower* and *Ellis L. Orvis*, for appellant.

*J. C. Meyer*, for appellee.

OPINION BY REEDER, J., April 13, 1896:

The only question raised by the several assignments of error is whether the court below erred in striking from the guardian's account a credit of $780 for the support and maintenance of his ward. We can find no error in the findings of the auditor, or in the decree of the court below. The entire question is so ably and correctly discussed in the opinion of the auditor and

the learned court, and their conclusions of law so exact as applicable to the facts, that any further discussion by us would be mere repetition.    We therefore dismiss the assignments of error and affirm the decree of the court below.

Decree affirmed.